IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES PELTIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 13-0075-CG-N |
| | ) |
| TIARA-PURSUIT YACHT CENTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

Defendants have filed a Motion to Dismiss or to Transfer (doc. 7), to which plaintiff has elected not to respond (*see* doc. 11, setting April 11, 2013 as the deadline for response). Defendants' Motion asserts that this court lacks *in personam* jurisdiction over defendants because defendants do not have minimum contacts with this state; they also argue that, were there personal jurisdiction, venue would be improper in this district and that the contract at issue contains a forum selection clause establishing that any dispute is to be tried in Milwaukee, Wisconsin. Defendants' motion requests dismissal pursuant to Fed.R.Civ.P. 12(b)(2) – (3), or transfer to the Eastern District of Wisconsin pursuant to 28 U.S.C. §1404(a); the memorandum attached to the motion mentions dismissal but only includes authority and argument in favor of transfer. Upon review of the record and the defendants' Motion, it is the recommendation of the undersigned that this action be transferred to the United States District Court for the Eastern District of Wisconsin.

Plaintiff, a citizen of Minnesota who currently resides in Mobile on the vessel about which this suit was brought, filed the instant admiralty action against two Wisconsin business entities, Tiara Pursuit Yacht Center, a maritime broker, and Centerpointe Yacht Services, LLC, a

marina and marine repair facility.  The Complaint recites that both defendants were engaged in business in the State of Alabama.  Doc. 1 at ¶¶ 3-4.

*Background*

Plaintiff filed his complaint (doc. 1) in this court on February 21, 2013, alleging that this court had subject matter jurisdiction on the basis of admiralty.  Plaintiff alleged that he purchased a yacht through broker defendant Tiara.  Plaintiff alleges that Tiara undertook to provide title to the vessel following closing on April 25, 2013, and that plaintiff made final payment but that defendant Tiara did not provide title as agreed.  Plaintiff states that Tiara not comply with this requirement, that plaintiff did not receive title or possession of the vessel until September, 2011, and that the vessel was stored at defendant Centerpointe's facilities for a period of 109 days thereafter.  Plaintiff alleges damages from the breach of contract.  Plaintiff also raises claims of fraudulent suppression against and fraudulent misrepresentation against defendants.

*Personal Jurisdiction and Venue*

This court may not assert personal jurisdiction over a foreign defendant unless that party has such "minimum contacts" with the forum state as would satisfy the requirements of due process, such that the litigation does not offend "traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  One requirement is that the defendant must have purposely availed itself of the privileges and benefits of the forum's law.  World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295 (1980).

Defendant filed an affidavit from Peter Moede, manager of both Tiara and Centerpointe.  That uncontested affidavit establishes—and the court finds—that neither defendant has <u>any</u> general or specific contacts with the State of Alabama: neither company maintains offices or employees in the State, directs no advertising toward Alabama, and has made no contracts with

its citizens.  The transaction at issue was consummated in Wisconsin.  The only contact with this State arose after the completion of the sale, when plaintiff transported the vessel to Mobile, Alabama.  This lack of contacts with the forum state demonstrates conclusively that this court lacks personal jurisdiction over these defendants.

Venue over this action would have been improper in this district even had this court been able to exercise personal jurisdiction over the defendants.  The federal venue provision, 28 U.S.C. §1391, provides that venue is proper in

(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated; or

(3) if there is no district in which the action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction.

Venue would not lie in this district under either subsection (1) or (2).  Both defendants reside in Wisconsin and at least one defendant, Tiara, resides in the Eastern District of Wisconsin, satisfying subsection (1); that district is also where the parties agreed to try any action on the contract pursuant to the forum selection clause.  Under subsection (2), all or almost all of the events or omissions giving rise to the claim occurred in the Eastern District of Wisconsin.  Because venue may properly be laid in that district under at least one of those two provisions, subsection (3) does not come into play.

*Transfer*

Defendant cites 28 U.S.C. §1404(a) as grounds for transfer of this action.  That section "operates on the premise that the plaintiff has properly exercised his venue privilege."  <u>Van</u>

Dusen v. Barrack, 376 U.S. 612, 634 (1964).  Where a case is filed in a district in which venue is improper, transfer may be had to a proper district pursuant to 28 U.S.C. §1406(a).  That section provides that, where venue is lacking, the court in which the case was erroneously filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Id.

Defendants have established that venue is proper in the Eastern District of Wisconsin, that they are subject to personal jurisdiction in that district, that the potential witnesses and exhibits are located in or near that district, and that this action could have been brought in that district.  See doc. 7, at 4-7.  The undersigned recommends that the court find that the interests of justice warrant transfer of this action to the United States District Court for the Eastern District of Wisconsin.

*Conclusion*

For the foregoing reasons, it is hereby RECOMMENDED that this action be TRANSFERRED to the United States District Court for the Eastern District of Wisconsin.

**See Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.**

DONE this the 15th day of April, 2013.

/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C.§ 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. §1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/  Katherine P. Nelson